849 F.2d 607
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Ray WATSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack T. JACKSON, a/k/a "Fast Jack", Defendant-Appellant.
 No. 87-5612.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 21, 1988.
Decided: June 8, 1988.
 
 Nelson R. Bickley, Jr., Bickley, Jacobs & Barkus; Michael Robert Cline, Law Offices of Michael R. Cline, on brief, for appellants.
 Michael W. Carey, United States Attorney; Mary S. Feinberg, Assistant United States Attorney, on brief, for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Daniel Ray Watson and Jack T. Jackson appeal their drug-related convictions. Since we granted their motion to dispense with oral argument, this matter was submitted to the panel on briefs. We affirm.
 
 
 2
 While many of the facts surrounding the charges are in dispute, we must view the evidence presented at trial in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 3
 Appellants contend that they were prejudiced by the government's proof of multiple conspiracies when they were only charged with participation in a single conspiracy. 21 U.S.C.A. Sec. 846 (West 1981). The existence of a single or multiple conspiracy is normally a question for the jury. Where the jury is properly instructed and the evidence, taken in the light most favorable to the government, would reasonably allow the finding of a single conspiracy, that finding must stand. United States v. Urbanik, 801 F.2d 692, 695 (4th Cir.1986).
 
 
 4
 In addition, Jackson challenges the sufficiency of the evidence to support his convictions, which included two counts of traveling in interstate commerce to further cocaine distribution, 18 U.S.C.A. Sec. 1952(a)(3) (West 1984 & Supp.1988), and one count of causing the distribution of cocaine, 21 U.S.C.A. Sec. 841(a)(1) (West 1981). Jackson primarily contests the sufficiency of proof on the distribution charge, asserting that there was no evidence that he made a sale or transfer to the officer who purchased the cocaine.
 
 
 5
 The evidence showed that a government informant arranged for an undercover officer to purchase cocaine. Jackson, the informant and others met the undercover officer at a shopping center where the officer gave $2,000.00 to the informant. Jackson and the informant left and returned a short while later at which time the informant handed the undercover officer the cocaine. The informant testified that after he and Jackson left the shopping center, Jackson dropped him off at another location and when he returned to pick him up he handed the informant the cocaine which was subsequently delivered to the undercover officer. Thus, according to the testimony, the cocaine was possessed by Jackson who used the informant to accomplish the delivery.
 
 
 6
 Jackson's assertion that the evidence was insufficient to support his convictions on the remaining counts is likewise without merit.
 
 
 7
 AFFIRMED.